IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JAMES W. SIMMONS                                                          PLAINTIFF

v.                              No. 5:13-cv-100-DPM

REX DAVIS; REUBEN MICHEL;
MARK GOBER, Sheriff; JERRY CLARKE;
ROBERT ROSEGRANT, Chief; DAVID OUTLAW;
STAN WITT, Colonel; HARPER, FNU; JOHN
KIDWELL, Director, all individually and in their
official capacities; DREW COUNTY; and
CITY OF MONTICELLO                                                      DEFENDANTS

ORDER

University of Arkansas-Monticello Department of Public Safety officials Harper and Kidwell move to dismiss James W. Simmons's complaint for many reasons. Simmons says that Officer Harper used excessive force against him during an arrest and failed to intervene when other officers used excessive force too. He alleges that Kidwell, as Harper's supervisor, is also liable for Harper's conduct.

**1. § 1983 claims**. Sovereign immunity bars Simmons's official-capacity claims for damages against these two state officers. Damages may not be recovered against the State through its officers, absent waiver or abrogation

of sovereign immunity; and none has occurred here. *Kentucky v. Graham*, 473 U.S. 159, 165-6 (1985); *Florida Department of Health & Rehabilitative Services v. Florida Nursing Home Ass'n.*, 450 U.S. 147, 149-50 (1981)(*per curiam*). Non-monetary prospective relief, injunctive or declaratory, is possible. *Edelman v. Jordan*, 415 U.S. 651, 663-69 (1974). Simmons's request for this kind of relief is too murky to state a claim. № 1 at 1-2 & № 20 at 6. This request is dismissed without prejudice and with leave to amend by 7 February 2014. Any amendment must be clear and specific.

**Harper.** Simmons has not pleaded sufficient facts to state a due-process claim against Harper. His allegations that Harper's conduct "shock[ed] the contemporary conscious" and failed to "comport with traditional ideas of fair play and decency" are conclusory. № 20 at 19-20. Simmons's due-process claim will be dismissed without prejudice. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Simmons also alleges that Harper violated his Fourth Amendment right to be free from unreasonable seizures and excessive force. He alleges that Harper "placed [his] weight upon Plaintiff's back," and that defendants "dragged [him] through briers and concrete . . . with his hands handcuffed

behind his back." № 1 at 7 & 9. He also says that Harper ignored his pleas for help and failed to intervene when other officers used excessive force against him. № 1 at 7 & 20. Accepting these allegations as true, they state plausible Fourth Amendment claims. *Twombly*, 550 U.S. at 570.

Harper asserts qualified immunity. The facts viewed in the light most favorable to Simmons demonstrate "the deprivation of a constitutional or statutory right[.]" *Jones v. McNeese*, 675 F.3d 1158, 1161 (8th Cir. 2012). The question then becomes whether Harper violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A person's right to be free from unreasonable seizures and excessive force was clearly established before April 2010, when Simmons was arrested. *E.g., Guite v. Wright*, 147 F.3d 747, 750 (8th Cir. 1998); *Nance v. Sammis*, 586 F.3d 604, 611 (8th Cir. 2009). It was also clearly established that "a state actor may be liable for an unreasonable seizure under the Fourth Amendment if he fails to intervene to prevent the unconstitutional use of excessive force by another official." *Krout v. Goemmer*, 583 F.3d 557, 565 (8th Cir. 2009). The Court rejects without prejudice Harper's request for qualified immunity on the pleadings.

**Kidwell.** Simmons seeks to hold Kidwell liable for Harper's actions under a theory of supervisory liability. But under § 1983, a public official is responsible only for his or her own conduct. *Whitson v. Stone Cnty. Jail*, 602 F.3d 920, 928 (8th Cir. 2010). Simmons candidly acknowledges that this claim is undeveloped. № 20 at 8 & 10. His individual-capacity claims against Kidwell must be dismissed without prejudice to pleading particulars. *Tilson v. Forrest City Police Dep't*, 28 F.3d 802, 806–07 (8th Cir. 1994).

2. **State-law claims**. Simmons also alleges that Harper and Kidwell were negligent under Arkansas law. But as state employees, they're immune from liability unless their actions were either covered by liability insurance or malicious. ARK. CODE. ANN. § 19-10-305(a). Simmons has not pleaded the liability-insurance exception. He has pleaded sufficient facts that Harper acted with malice—"an intent and disposition to do a wrongful act greatly injurious to another." *Simons v. Marshall*, 369 Ark. 447, 452–53, 255 S.W.3d 838, 842 (2007). Nothing, though, suggests that Kidwell maliciously failed to train or supervise Harper.

Both Harper and Kidwell also assert statutory immunity pursuant to ARK. CODE. ANN. § 25-17-306, whose text is in the margin.[1] Here again, the supervisor is entitled to immunity, but the line officer is not. Simmons has not alleged that Kidwell exceeded his authorized authority in supervising Harper. Though he does not say that Harper acted *ultra vires*, no police officer is authorized by law to use excessive force against citizens. This statutory immunity, like qualified immunity, is denied on the pleadings but without prejudice to being reasserted on a factual record.

\* \* \*

Motion to dismiss, № 8, granted in part and denied in part. All of Simmons's official-capacity claims for damages against Harper and Kidwell are dismissed with prejudice. His due-process claims against Harper individually are dismissed without prejudice. All Simmons's § 1983 claims against Kidwell individually are dismissed without prejudice. His negligence claim against Kidwell is dismissed with prejudice. Both qualified immunity

---

[1] Any institutional law enforcement officers so appointed and designated and any other institutional employees so authorized executing the duties delegated to them under this subchapter shall not be personally liable for injuries to persons or for damages to property dealt with while acting within the scope of their authorized authority on behalf of the State of Arkansas and its institutions.

and § 25-17-306 immunity for Harper are rejected for the moment.

    Here is where the case stands as to these two defendants. Kidwell is out of the case for now; no claims against him remain pending. Simmons's Fourth Amendment and negligence claims against Harper go forward. All other claims against him have been dismissed. If Simmons wants to pursue injunctive or declaratory relief against Harper or Kidwell, then he must file an amended complaint by 7 February 2014. Any amended pleading must conform to all the rulings in this Order.

    So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

17 January 2014