IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JAMES W. SIMMONS                                                              PLAINTIFF

v.                                    No. 5:13-cv-100-DPM

REX DAVIS; REUBEN MICHEL;
MARK GOBER, Sheriff; JERRY CLARKE;
ROBERT ROSEGRANT, Chief; DAVID OUTLAW;
STAN WITT, Colonel; HARPER, FNU; JOHN
KIDWELL, Director, all individually and in their
official capacities; DREW COUNTY; and
CITY OF MONTICELLO                                                         DEFENDANTS

ORDER

James Simmons has sued Stan Witt, the current Director of the Arkansas State Police, in his individual and official capacities for failure to train and supervise Defendant David Outlaw, an Arkansas State Police trooper. Simmons says that Outlaw used excessive force against him during an arrest and failed to intervene when other officers used excessive force too. Witt moves for summary judgment. He says Simmons's official-capacity claims and state-law claims fail as a matter of law. He also argues Simmons's individual-capacity claims fail because Witt was not responsible for training and supervising Outlaw at the time of the arrest.

-1-

**1. § 1983 claims.** Sovereign immunity bars Simmons's official-capacity claims for damages against Witt. Damages may not be recovered against the State through its officers, absent waiver or abrogation of sovereign immunity; and none has occurred here. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Florida Department of Health & Rehabilitative Services v. Florida Nursing Home Ass'n.*, 450 U.S. 147, 149-50 (1981)(*per curiam*). Non-monetary injunctive relief is possible. *Edelman v. Jordan*, 415 U.S. 651, 663–69 (1974). In his proposed amended complaint, Simmons seeks prospective injunctive relief against all defendants. *№ 37-1 at 1-2*. The Court liberally construes this request; Simmons may proceed with a claim for an injunction requiring Witt, as the current Director, to train or supervise Arkansas State Police troopers in some particular way in the future.

Simmons also seeks to hold Witt liable for Outlaw's actions under a theory of supervisory liability. But Simmons now acknowledges that Witt was not Outlaw's supervisor at the time of the arrest. *№ 36 at 2; № 37-1 at 5, 18-19*. Witt was a fleet operations manager then. He became Director of the Arkansas State Police in August 2012. *№ 36 at 1*. Simmons's individual-capacity claims against Witt must be dismissed without prejudice.

**2. State-law claims.** Simmons has not pleaded sufficient facts to support a negligence claim against Witt. As fleet operations manager, Witt was not responsible for training or supervising Outlaw; and nothing suggests Witt caused Simmons's injuries. № 36 at 2. Even had Simmons pleaded sufficient facts here, Witt is immune from liability unless his actions were either malicious or covered by liability insurance. ARK. CODE. ANN. § 19-10-305(a). Simmons hasn't pleaded either exception. His negligence claims against Witt must be dismissed without prejudice.

**3. Motion to amend.** Simmons's motion to amend, № 37, is granted as modified. The proposed amended complaint does not conform to the Court's earlier Order, № 29. Simmons must revise his pleading. He must:

- remove Harper's name from the list of defendants in Count VII; this Court dismissed Simmons's due process claim against Harper in its earlier Order; and

- replace Arkansas State Police with Stan Witt in Count VI; State officials, but not State institutions, may be sued for prospective injunctive relief under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n.10; *Murphy v. State of Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997).

Revised amended complaint due by 15 July 2014.

\* \* \*

Witt's motion for summary judgment, № 31, granted in part and denied in part. Simmons's official-capacity claim for damages against Witt is dismissed with prejudice. Simmons may seek injunctive relief against Witt in his official capacity as Director. His individual-capacity claim against Witt for failure to train or supervise is dismissed without prejudice. His state-law claims against Witt are dismissed without prejudice.

So Ordered.

*D.P. Marshall Jr.*
United States District Judge

3 July 2014